IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                           Case No. 1:11-cr-10014

JAMIE CHARLES                                                               DEFENDANT

### ORDER

Before the Court is Defendant Jamie Charles' Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018 ("FSA").  ECF No. 56.  The Government has responded. ECF No. 62.  The Court finds the matter ripe for consideration.

### I. BACKGROUND

On May 25, 2011, Defendant was indicted on eight separate counts related to the distribution of methamphetamine and being a felon in possession of multiple firearms.  ECF No. 1.  On November 16, 2011, Defendant plead guilty to Count Seven of the Indictment, which charged him with Possession of a Machinegun in furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii).  ECF Nos. 22 and 23.  On September 24, 2012, Defendant was sentenced to 210 months imprisonment with credit for time served in federal custody, three years supervised release with special conditions, and a $100 special assessment.  ECF Nos. 31 and 32.

On November 9, 2021, Defendant filed a Motion to Appoint Counsel to support his request for release from confinement.  ECF No. 53.  The Court subsequently granted that motion.  ECF No. 54.  On November 15, 2021, Defendant filed the instant motion seeking a reduction in his sentence pursuant to the FSA, arguing that his health issues combined with the pandemic create circumstances supporting his release.  ECF No. 56.  The Government responded in opposition,

arguing that the current circumstances are not sufficient to justify releasing Defendant. ECF No. 62.

## II. DISCUSSION

Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Before an analysis of those factors can begin, the Court must determine if Defendant has exhausted all administrative remedies available. 18 U.S.C. § 3582(c)(1)(A).

### A. Exhaustion of Administrative Remedies

The FSA provides two avenues for a defendant to bring a compassionate release motion to a district court. The defendant may either file a motion once he "has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring the motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

Defendant bears the burden of showing that he exhausted his administrative remedies with the BOP before filing a compassionate release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019). The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility in which the defendant is housed. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves

the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

In this matter, Defendant's initial request for release was denied by his warden. ECF No. 56-1. Defendant's appeals of that decision were denied by both the BOP regional director and the BOP general counsel. *Id*. The Government does not contest that Defendant has provided proof that he has exhausted his administrative remedies and is eligible to file his request for relief directly with this Court. ECF No. 62, p. 4 n.4. Accordingly, the Court finds that Defendant has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A) and will consider his motion for compassionate release on the merits.

**B. Extraordinary and Compelling Reasons**

Pursuant to the FSA, the Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to

3

promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A).[1] This policy statement limits "extraordinary and compelling reasons" to only include the following four circumstances:

(A) Medical Condition of the Defendant. –

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is –
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[1] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement. This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA. *See* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion). Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the pre-FSA policy statement or if courts can look beyond those examples. Defendant notes that some Circuits have determined that the policy statement is inapplicable to inmate requests for relief and that the court must determine for itself what is an "extraordinary and compelling" reason. *See e.g.*, *United States v. Brooker(Zullo)*, 976 F.3d 228, 236 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). However, the Eighth Circuit has determined that the policy statement, while not binding, cannot be ignored and should provide guidance on what constitutes "extraordinary and compelling" reasons. *See U.S. v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

>   (B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
>   (C) Family Circumstances. –
>
>>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>   (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant argues that that the combination of the ongoing Covid-19 pandemic, his health issues, and his confinement creates extraordinary and compelling reasons that warrant his release from confinement. ECF No. 56, p. 6-12. Defendant notes that his obesity, hypertension, and heart disease are among the conditions listed by the Centers for Disease Control ("CDC") as ones that put an individual at a higher risk of severe illness upon contracting Covid-19. *Id*. at p. 6-7. Defendant further notes that CDC has recognized that he, as an African-America, is part of a group disproportionately impacted by Covid-19. *Id*. at p. 7. Defendant then contends that the realities of confinement in a BOP facility make contracting Covid-19 more likely. *Id*. at p. 8-9. Thus, Defendant concludes that his situation is extraordinary and compelling under U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I)'s reference to serious medical ailments that he cannot provide self-care for while in a prison environment.

The Government's response in opposition argues that Defendant's current circumstances do not rise to the level of extraordinary and compelling necessary to permit release. ECF No. 62, p. 4-8. Key to the Government's argument is the fact that Defendant has received two doses of the Pfizer Covid-19 vaccine. *Id*. at p. 5. The Government notes that the proven efficacy of the vaccine in reducing severe illness upon contracting Covid-19 significantly diminishes the risk that

Defendant claims he now faces. *Id*. at p. 5-6. The Government further notes that the current scientific consensus is that the vaccines have proven similarly effective against severe illness for the variant strains of Covid-19 that have emerged. *Id*. at p. 6-7. Without the increased risk of severe illness and death, the Government concludes that Defendant has failed to show that the ongoing pandemic currently creates circumstances that could justify his release. *Id*. at p. 7-8.

The Court finds that Defendant has failed to show that there are extraordinary and compelling reasons justifying a reduction in his sentence and a release from confinement. The Court notes that Defendant is correct in his assertion that his medical conditions are associated with a higher risk of severe illness or death upon contracting Covid-19.[2] However, the risk that Covid-19 poses to Defendant has been substantially reduced because of his receipt of two doses of the Pfizer vaccine.[3] This protection against severe illness is expected to persist against the current variants that have emerged.[4][5] Also, the BOP facility in which Defendant is housed, FCC Oakdale, reports only one confirmed active case of Covid-19 among inmates or staff as of the date of this order.[6] Therefore, the Court cannot view Defendant's circumstances as extraordinary and compelling under the provision regarding specific medical conditions under U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(1) or the general catch-all provision of U.S.S.G. § 1B1.13 cmt. n.1(D).

---

[2] Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions* (Apr. 11, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (listing heart conditions and obesity as conditions making an individual more likely to have severe illness from Covid-19).
[3] Ctrs. for Disease Control & Prevention, *Pfizer-BioNTech COVID-19 Vaccine (also known as COMIRNATY) Overview and Safety* (Mar. 29, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (noting the effectiveness of the Pfizer vaccine in preventing serious illness and death).
[4] Ctrs. for Disease Control & Prevention, *COVID-19 Vaccines Work* (Apr. 11, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html.
[5] If the current circumstances and the effectiveness of the vaccines are genuinely called into question, Defendant may renew his motion upon the changed scientific consensus. *See United States v. White*, 2021 WL 964050 at *2 (E.D. Mich. Mar. 15, 2021) ("Defendant is free to renew his motion should more information emerge suggesting that the Pfizer vaccine cannot protect him from new imminent strains of COVID-19. However, at this time, the Court does not find extraordinary and compelling circumstances based on that speculation.")
[6] Fed. Bureau of Prisons, *COVID-19 Coronavirus* (Apr. 11, 2022), https://www.bop.gov/coronavirus/.

Accordingly, Defendant has failed to show that his circumstances justify his release under 18 U.S.C. § 3582(c)(1)(A)(i) and his motion must fail.

### C. § 3553(a) Sentencing Factors

In a motion for release pursuant to the FSA, courts must also determine if the sentencing factors under 18 U.S.C. § 3553(a) support an inmate's release. 18 U.S.C. § 3582(c)(1)(A). That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant argues that an examination of the sentencing factors supports his request for release. ECF No. 56, p. 12-14. Defendant contends that he poses little threat to the public and has the means of achieving stability if released. *Id*. at p. 12. Defendant supports this assertion by noting that he has only incurred one trivial disciplinary violation during his current confinement, that he has a high school education, and that he has finished multiple vocational and drug treatment programs during his confinement. *Id*. Defendant further notes that he has housing available upon release in either Arkansas or Illinois. *Id*. at p. 13. Defendant then contends that the combination of his health conditions and the ongoing pandemic have created a harsher sentence than initially anticipated. *Id*. Defendant also contends that the 125 months he has been confined, roughly sixty percent of his sentence, have fully served his sentence's deterrence purposes. *Id*. at p. 13-14. As of the date of this order, Defendant has served roughly 130 months of his 210-month sentence.

The Government argues that Defendant has failed to show that the sentencing factors favor his release. ECF No. 62, p. 8-9. The Government emphasizes the serious nature of the crime for which Defendant is currently incarcerated, possession of a machinegun in furtherance of methamphetamine distribution. *Id*. at p. 8. The Government also notes that the circumstances supporting the other charges in the indictment, such as the numerous other loaded firearms in his possession while being a convicted felon, also significantly undermine Defendant's request. *Id*. The Government then notes that Defendant's prior criminal history, including a conviction for aggravated assault, also weighs heavily against an early release under the sentencing factors. *Id*. at p. 9.

The Court finds that an examination of the § 3553(a) sentencing factors do not support Defendant's request for early release. As the Court determined above regarding the risks the pandemic poses to Defendant, his vaccination status prevents the Court from viewing his sentence

as now harsher than when initially set. Therefore, the 210-month sentence is still necessary to reflect the seriousness of his offense and provide adequate deterrence to future criminal conduct under § 3553(a)(2)(A)-(B). Also, the required consideration of the nature and various circumstances surrounding Defendant's most recent conviction and his criminal history do not favor a reduction. § 3553(a)(1). In particular, Defendant's prior conviction for a violent crime is damaging to his request for release under § 3553(a)(2)(C)'s required consideration of protecting the public from further crimes of a defendant. The Court notes Defendant's good behavior and strong efforts towards vocational education during confinement, as well as the plans he has for stability once released. However, the Court finds that those efforts cannot overcome the required examination of the circumstances surrounding his conviction and his criminal history. Accordingly, the sentencing factors, to the extent that they are relevant, do not support Defendant's request for release and his motion must also fail on this ground. 18 U.S.C. § 3582(c)(1)(A).

### D. Safety Considerations Under 18 U.S.C. § 3142(g)

The requirement under 18 U.S.C. § 3582(c)(1)(A) that any reduction be consistent with any applicable policy statements issued by the Sentencing Commission necessitates an evaluation of the 18 U.S.C. § 3142(g) safety factors. *See* USSG § 1B1.13(2). The factors for consideration under § 3142(g) are:

> (g) Factors to be considered.-The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-
>
>> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>>
>> (2) the weight of the evidence against the person;
>>
>> (3) the history and characteristics of the person, including—

9

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Defendant argues that the same circumstances that support his release under the sentencing factors also favor his release under the required public safety considerations. ECF No. 56, p. 14. However, the Court similarly finds that the circumstances that weigh against release under the sentencing factors also weigh against release under the public safety factors. The fact that Defendant's offense involved a firearm is clearly detrimental to his motion under § 3142(g)(1). Also, Defendant's criminal history, which involves convictions for conspiracy to distribute cocaine and aggravated assault, is harmful to his motion in light of § 3142(g)(3)(A)'s required examination of criminal history and past conduct. Again, the Court notes that Defendant has made significant efforts at rehabilitation during his confinement to be a productive citizen upon release. However, examining the circumstances of his current conviction and his past conduct precludes the Court from finding that the § 3142(g) safety factors support his release. Accordingly, the Court finds that Defendant's motion must also fail on this ground. 18 U.S.C. § 3582(c)(1)(A).

## III. CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion to Reduce Sentence (ECF No. 56) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 11th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
